**No. 07-513C**
**(Judge Coster Williams)**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**THE CENTECH GROUP, INC.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant,**

**and**

**TYBRIN, INC.**

**Intervenor.**

# DEFENDANT'S MOTION TO DISMISS

**PETER D. KEISLER**
**Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Director**

**DEBORAH A. BYNUM**
**Assistant Director**

**ARLENE PIANKO GRONER**
**Trial Attorney**
**National Courts Section**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**Attn: Classification Unit, 8th Floor**
**1100 L Street, NW**
**Washington, D.C. 20530**
**Tel: (202) 307-0162**
**Fax: (202) 305-7643**
**Attorneys for Defendant**

**OF COUNSEL:**

**JOHN G. TERRA**
**Trial Attorney**
**U. S. Air Force Legal Operations Agency**
**Commercial Litigation Division**
**Arlington, Virginia**

**August 13, 2007**

# TABLE OF CONTENTS


DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

I. The Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II. This Court Does Not Possess Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

A. The Jurisdiction Of This Court Is Strictly Limited By Statute . . . . . . . . 10

B. CENTECH Lacks Standing To Bring This Action . . . . . . . . . . . . . . . . . 10

C. The Complaint Should Be Dismissed As Premature . . . . . . . . . . . . . . . . 13

D. CENTECH's Complaints About Contract Rescission And Withdrawal Of The Responsibility Determination Were Rendered Moot When Its Contract Was Reinstated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

E. This Court Lacks Jurisdiction To Direct The Contract Award To CENTECH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

F. This Court Lacks Jurisdiction Over CENTECH's Complaint Even If The Court Treats The Corrective Action As Tantamount To Termination Of The Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

III. The Allegations Against The GAO Fail To State A Claim Upon Which Relief Can Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## TABLE OF AUTHORITIES

### CASES

Abbott Labs. v. Gardner, 387 U.S. 136 (1967) . . . . . . . . . . 13

ABF Freight Sys. Inc. v. United States,
55 Fed. Cl. 392 (2003) . . . . . . . . . . 12, 18

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) . . . . . . . . . . 9

American Fed'n of Government Employees v. United States,
258 F.3d 1294 (2001),
cert. denied, 534 U.S. 1113 (2002) . . . . . . . . . . 11

Anderson Columbia Envtl., Inc. v. United States,
42 Fed. Cl. 880 (1999) . . . . . . . . . . 10

Arrowhead Metals, Ltd. v. United States, 8 Cl. Ct. 703 (1985) . . . . . . . . . . 17

Arch Chemicals, Inc. v. United States, 64 Fed. Cl. 380 (2005) . . . . . . . . . . 19

Bannum, Inc. v. United States,
56 Fed. Cl. 453 (2003) . . . . . . . . . . 13, 14

B.K. Instrument, Inc. v. United States, 715 F.2d 713 (2d Cir. 1983) . . . . . . . . . . 17

Blanchette v. Conn. Gen. Ins. Corp., 419 U.S. 102 (1974) . . . . . . . . . . 13

Boyle v. United States, 200 F.3d 1369 (Fed. Cir. 2000) . . . . . . . . . . 9, 22

CACI, Inc.–Federal v. United States, 719 F.2d 1567 (Fed. Cir. 1983) . . . . . . . . . . 17

CCL Serv. Corp. v. United States, 43 Fed. Cl. 680 (1999) . . . . . . . . . . 15, 17

Chapman Law Firm Co. v. United States, 2007 WL 1662323 (2007) . . . . . . . . . . 9, 16

Contract Custom Drapery Service, Inc. v. United States,
6 Cl. Ct. 811, 820 (1984),
aff'd without opinion, 785 F.2d 321 (Fed. Cir. 1985) . . . . . . . . . . 17

Control Data Sys. v. United States,

32 Fed. Cl. 520 (1994) . . . . . . . . . . 18

Cubic Applications, Inc. v. United States,
37 Fed. Cl. 345 (1997) . . . . . . . . . . 19

Data Monitor Systems, Inc. v. United States,
74 Fed. Cl. 66, 71 (2006) . . . . . . . . . . 18, 19

Davis/HRGM Joint Venture v. United States,
50 Fed. Cl. 539 (2001) . . . . . . . . . . 18

Delaney Constr. Corp. v. United States,
56 Fed. Cl. 470 (2003) . . . . . . . . . . 19

Durable Metals Prods., Inc. v. United States,
27 Fed. Cl. 472,
aff'd, 11 F.3d 1071 (Fed. Cir. 1993) . . . . . . . . . . 17

FW/PBS, Inc. v. Dallas, 493 U.S. 215 (1990). . . . . . . . . . 10

Fidelity Constr. Co. v. United States,
700 F.2d 1379 (Fed. Cir. 1983) . . . . . . . . . . 10

Foley Construction Co. v. United States Army Corps of Engineers,
716 F.2d 1202 (8th Cir. 1983),
cert. denied, 466 U.S. 936 (1984) . . . . . . . . . . 17

Freightliner Corp. v. Caldera, 225 F.3d 1361 (Fed. Cir. 2000) . . . . . . . . . . 13

Griffy's Landscape Maintenance LLC v. United States,
51 Fed. Cl. 667 (2001) . . . . . . . . . . 18

Hart v. United States,
910 F.2d 815 (Fed. Cir. 1990) . . . . . . . . . . 9

Harlow v. Fitzgerald,
47 U.S. 800 (1982) . . . . . . . . . . 9

Hunt Building Co., Ltd. v. U.S., 61 Fed. Cl. 243 (Fed. Cl. 2004) . . . . . . . . . . 15

La Gloria Oil and Gas Co. v. United States, 72 Fed. Cl. 544 (2006) . . . . . . . . . . 9, 11, 13

Library of Congress v. Shaw,
478 U.S. 310 (1986) . . . . . . . . . . 10

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

ManTech Telecommunications & Information Systems Corp. v. United States,
49 Fed. Cl. 57 (2001), aff'd,
30 Fed. Appx. 995 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19

Maritrans Inc. v. United States, 342 F.3d 1344 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . 13, 15

Massachusetts Bay Transp. Authority v. U.S., 21 Cl. Ct. 252 (1990) . . . . . . . . . . . . . . . . . . . . 14

Myers Investigative and Security Services, Inc. v. United States,
275 F.3d 1366 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Northrop Corp. v. United States,
27 Fed. Cl. 795 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

OAO Corp. v. Johnson,
49 F.3d 721 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Orion Int'l Tech. v. United States,
66 Fed. Cl. 569 (2005),
aff'd, 185 Fed. Appx. 966 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Owen Equip. & Erection Co. v. Kroger,
437 U.S. 365 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Powell v. McCormack, 395 U.S. 486 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Reflectone, Inc.v. Dalton,
60 F.3d 1572 (Fed. Cir. 1995) (en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Scanwell Laboratories, Inc. v. Shaffer,
424 F.2d 859 (D.C. Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Sealand Service v. Brown,
600 F.2d 429 (3d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Sharman Co. v. United States,
2 F.3d 1564 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Shelleman v. United States,
9 Cl. Ct. 452 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Space Exploration Technologies Corp. v. United States,
68 Fed. Cl. 1 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 22

Steel Co. v. Citizens for a Better Env't,
523 U.S. 83 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..........10

Texas v. United States, 523 U.S. 296 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Textron, Inc. v. United States, 74 Fed. Cl. 277 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

University Research Co., LLC v. United States, 65 Fed. Cl. 500 (2005) . . . . . . . . . . . . . . 15, 19

Williams v. United States,
71 Fed. Cl. 194 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**STATUTES AND REGULATIONS**

28 U.S.C. § 1491(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

28 U.S.C. § 1491(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

41 U.S.C. § 605 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

FAR 52.219-14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE CENTECH GROUP, INC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 07-513C** |
| | ) | **(Judge Coster Williams)** |
| **THE UNITED STATES,** | ) | |
| **Defendant,** | ) | |
| **and** | ) | |
| **TYBRIN, INC.** | ) | |
| **Intervenor.** | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests the Court to dismiss the complaint ("Compl.") filed by plaintiff, THE CENTECH GROUP, Inc. ("CENTECH"), for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

CENTECH is not objecting to a solicitation, proposed award, award or violation of statute or regulation related to a procurement pursuant to 28 U.S.C. § 1491(b)(1). Rather, it asks this Court to enjoin the United States Air Force ("Air Force") from expending funds for its Aerospace, Research, Development, Test and Evaluation Advisory and Assistance Services ("ARDTEAS") program under any contract other than the one awarded to CENTECH on April 28, 2006. CENTECH lacks standing to challenge the Air Force's pending corrective action, which may result in a ratification of the award to CENTECH. Indeed, CENTECH's allegations about pending corrective action are premature and its allegations about contract rescission are moot. Moreover, this Court lacks jurisdiction to direct the contract award to CENTECH, review

decisions of the Government Accountability Office ("GAO"), resolve inter-agency disputes, or provide relief for the alleged termination of CENTECH's contract. Accordingly, we respectfully request the Court to dismiss CENTECH's complaint.

If the Court determines that it has jurisdiction to review the Air Force's corrective action at this time, it nonetheless should dismiss for failure to state a claim upon which relief can be granted the portions of the complaint that seek review of decisions by the GAO, and ask this Court to resolve jurisdictional inter-agency disputes.

In support of our motion, we rely upon CENTECH's complaint, motion for preliminary and permanent injunctive relief ("Motion"), including its memorandum ("Mem.") and supporting exhibits ("Ex."), and the following brief.

**DEFENDANT'S BRIEF**

**STATEMENT OF THE ISSUES**

1. Whether CENTECH, a successful bidder, has standing to challenge corrective action in the solicitation that gave rise to its contract.

2. Whether CENTECH's complaint should be dismissed as premature.

3. Whether this Court possesses jurisdiction to review claims that were rendered moot when CENTECH's contract was reinstated.

4. Whether this Court possesses jurisdiction to review CENTECH's allegation that the corrective action is tantamount to termination of its contract.

5. Whether this Court possesses jurisdiction to prohibit the Air Force from awarding the contract to anyone other than CENTECH.

6. Whether CENTECH's allegations about improper actions by the GAO fail to state a claim for which relief can be granted.

## STATEMENT OF THE CASE

### I. NATURE OF THE CASE

CENTECH asks this Court to enjoin the corrective action taken by the Air Force in response to the GAO decision of March 13, 2007 ("the GAO Decision"), and to prohibit the Air Force from expending any funds for advisory or assistance services to support its ARDTEAS activities other than under the contract awarded to CENTECH on April 28, 2006 pursuant to request for proposals FA9300-04-0040 ("the RFP"). This Court lacks jurisdiction over this complaint and should dismiss it.

In Counts I, II and IV, CENTECH challenges the legality of the GAO Decision, and contends that the Air Force acted arbitrarily, capriciously and in violation of the law in implementing the GAO Decision. Although CENTECH's contract has been suspended while the Air Force considers new proposals from the four original bidders – including CENTECH – pursuant to RFP Amendment no. 3, this action is premature because CENTECH will achieve the result it seeks here if the Air Force selects CENTECH's proposal as offering the best value. If another proposal is determined to offer the best value, CENTECH's contract will be terminated and CENTECH will then have the opportunity to file a claim under the Contract Disputes Act, 41 U.S.C. § 605(a) ("CDA"). Accordingly, the Court lacks jurisdiction over these counts.

In Counts III and V, CENTECH alleges that the Air Force unlawfully withdrew its responsibility determination. In Count VI, CENTECH claims that the contracting officer illegally rescinded its contract. These allegations became moot when CENTECH's contract was

reinstated. In addition, CENTECH is not aggrieved by the Small Business Administration's ("SBA") issuance of a certificate of competency ("COC"), determining its eligibility. Accordingly, this Court should dismiss these counts as moot.

CENTECH's prayer for relief exceeds the jurisdiction of this Court. Because CENTECH's suspended contract remains in force, the Court need not declare its reinstatement. Moreover, Paragraph B of the prayer for relief appears to be copied from another case. Neither ACA nor Fiore are parties to this case, and RFP No. DABK30-03-R-0013 is not at issue here. See Orion Int'l Tech. v. United States, 66 Fed. Cl. 569 (2005), aff'd, 185 Fed. Appx. 966 (2006).

## II. STATEMENT OF FACTS

On August 19, 2004, the Air Force issued Policy Memorandum 2004-PK-007 ("the Policy Memorandum"), interpreting the Limitation of Subcontracting, FAR Clause 52.219-14 (Dec. 1996). Compl. ¶10; Mem. ¶10, Ex. 4. By that memorandum, the Air Force advised that it interpreted the FAR clause "to mean that the minimum amounts of work can be performed by the collective efforts of either small business members of a formal joint venture or a small business prime contractor together with the first tier small business subcontractor(s), when the circumstances outlined in attachment 1 are present." Compl. ¶11; Mem. ¶11, Ex. 4 at 1.

On February 28, 2005, the Air Force issued RFP FA9300-04-0040 to acquire non-personal advisory and assistance services to support ARDTEAS activities at the Air Force Flight Test Center. Compl. ¶1, Mem. ¶1. The RFP was a set aside for small business concerns and contained FAR 52.219-14, Limitation on Subcontracting. Compl. ¶10, Mem. ¶10.

After evaluating four proposals, the Source Selection Authority determined that the proposal submitted by CENTECH was the best value and awarded the contract to CENTECH on April 28, 2006. Compl. ¶3, Mem. 19, Ex. 1.

TYBRIN Corporation, Inc. ("TYBRIN"), one of the unsuccessful bidders and the incumbent contractor, protested the award to the GAO on May 26, 2006. Compl. ¶5, Mem. 5, Ex. 2.

On June 29, 2006, TYBRIN filed a supplemental protest, in which it alleged that CENTECH's final proposal revision on its face clearly violated FAR 52.219-14 because CENTECH proposed to perform less than 50 percent of the cost of the contract performance incurred for personnel. TYBRIN argued that CENTECH's proposal was therefore unacceptable and ineligible for award. TYBRIN asked the GAO to decide the protest using the express option upon the grounds that its supplemental protest addressed a single dispositive issue. Compl. ¶20, Mem. 20, Ex. 3 at 1.

In its report to the GAO, the Air Force conceded that under CENTECH's proposal, only 43.2 percent of the cost of contract performance would be provided by CENTECH personnel, but concluded that the proposal's use of subcontractors complied with FAR 52.219-14, Limitation on Subcontracting, as interpreted by the Policy Memorandum. See GAO Decision, Ex. 14 at 3.

In response to a request from the GAO for the views of SBA, Compl. ¶26, Mem. 26, Ex. 5 at 1, on August 2, 2006, the SBA advised that the interpretation of FAR 52.219-14, Limitation on Subcontracting, in the Policy Memorandum was incorrect, Compl. ¶27, Mem. ¶27, explaining that "in general, a small business receiving a prime contract award as a result of a solicitation set aside for SBCs [small businesses concerns] must meet the subcontracting limitation set forth in the

statute and regulations itself." Ex. 5 at 8. The SBA also took the position that "[b]ecause the SBA's regulations provide that the determination as to whether or not a SBC will meet its subcontracting limitations requirement is an element of responsibility, the SBA has the sole authority to make this determination pursuant to the COC program." Id.

Two days later, on August 4, 2006, the Air Force stayed performance of CENTECH's contract so it could reconsider whether CENTECH met the standards of the RFP, Compl. ¶29, Mem. ¶29, Ex. 6, and the GAO dismissed TYBRIN's protests as academic. Compl. ¶31, Mem. ¶31, Ex. 7.

On September 6, 2006, the contracting officer issued a decision on non-responsibility because CENTECH's proposal did not meet the subcontracting limitation requirements in the statute and regulation, and, pursuant to FAR 19.601(d), subjected CENTECH's proposal to the COC process. Compl. ¶32, Mem. ¶32, Ex. 8.

The Air Force rescinded CENTECH's contract on September 8, 2006, but asked CENTECH to extend the validity of its proposal during the COC process. Compl. ¶33, Mem. ¶33, Ex. 9.

On September 15, 2006, the Air Force asked the SBA for a COC. Compl. ¶36, Mem. ¶36, Ex. 10.

The SBA issued a COC to CENTECH on December 4, 2006, certifying that it possessed the responsibility to perform the contract. Compl. ¶37, Mem. ¶37, Ex. 11.

On December 21, 2006, the Air Force reinstated CENTECH's contract award. Compl. ¶38, Mem. ¶38, Ex. 12.

TYBRIN filed another protest on December 29, 2006, and sought suspension of contract performance. Compl. ¶39, Mem. ¶39, Ex. 13.

On March 13, 2007, the GAO sustained TYBRIN's protest, finding that CENTECH's proposal could not form the basis for an award under the RFP. Compl. ¶42, Mem. ¶42, GAO Decision, Ex. 14 at 7. The GAO found that, as a result of the Policy Memorandum, CENTECH had been deprived of meaningful discussions regarding its proposal's failure to comply with the requirements of the Limitations on Subcontracting Clause. Ex. 14 at 7. The GAO recommended "that the Air Force reopen discussions and request and review revised proposals, evaluate those submissions consistent with the terms of the solicitation, and make a new source selection decision." Compl. ¶48, Mem. ¶48, Ex. 14 at 7. In a footnote to this sentence, the GAO explained that, while it had no need to resolve TYBRIN's other complaints, it recommended that "as the Air Force proceeds with its corrective action, it may want to be mindful of the issues raised by TYBRIN in its protests." Ex. 14 at 7 n.4. The GAO also advised that if the Air Force found another proposal to represent the best value to the Government, the Air Force should terminate CENTECH's contract according to the terms of the RFP. Ex. 14 at 7.

The SBA requested reconsideration of the GAO Decision. Compl. ¶53, Mem. 53. The GAO denied this request on April 17, 2007.[1]

---

[1] Although CENTECH quotes from the SBA's request for reconsideration, Compl. ¶54-55, Mem. 54-55, it does not attach to its memorandum a copy of that request or the GAO's decision denying reconsideration. Both are included in the administrative record ("AR"), AR19638-46 and AR19798-802. We do not rely upon these documents in this motion to dismiss because they are outside of the pleadings.

On June 29, 2007, the Air Force issued Amendment No. 3 to the RFP. The deadline for proposals was July 31, 2007.[2]

## SUMMARY OF THE ARGUMENT

This Court should dismiss this complaint because the Court lacks jurisdiction over the subject matter and cannot grant the relief requested. CENTECH lacks standing to bring this action because it was awarded the contract pursuant to the RFP. Although that contract has been suspended, this complaint is premature because CENTECH has an opportunity to compete for the reinstatement of its contract pursuant to RFP Amendment no. 3. If its proposal is found to provide the best value to the Air Force, CENTECH will achieve the result requested here. Indeed, that is the only way this relief could be granted because this Court lacks authority to direct the contract award to CENTECH.

Should the Air Force determine that another proposal offers the best value to the Air Force, CENTECH's contract would be terminated, and CENTECH would have the opportunity to file a claim under the CDA. Indeed, even if the Court treats the corrective action as tantamount to termination of CENTECH's contract, it should still dismiss this complaint because relief would still only be available under the CDA.

Counts I, II and IV should also be dismissed because this Court lacks jurisdiction to review the legality of the GAO Decision or to resolve inter-agency disputes. Finally, Counts III,

---

[2] Although CENTECH complains about the Air Force's "corrective action," see e.g., Compl. ¶89, it failed to attach to its complaint RFP Amendment no. 3 that the Air Force issued in response to the GAO decision. It is included in the administrative record. AR19807-29. We do not rely upon this amendment in this motion to dismiss because it is outside of the pleadings.

V and VI should be dismissed as moot because CENTECH's contract was reinstated after the SBA issued a COC to CENTECH. Compl. ¶37, Mem. ¶37, Ex. 11.

## ARGUMENT

### I. The Standard of Review

In considering a motion to dismiss for lack of jurisdiction, the Court must accept as true the complaint's undisputed allegations of fact and construe the facts in the light most favorable to the plaintiff. Williams v. United States, 71 Fed. Cl. 194, 197 (2006) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by, Harlow v. Fitzgerald, 47 U.S. 800 (1982)). However, a plaintiff bears the burden of establishing jurisdiction over its complaint. La Gloria Oil and Gas Co. v. United States, 72 Fed. Cl. 544, 551 (2006); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (quoting Hart v. United States, 910 F.2d 815, 817 (Fed. Cir. 1990)). Unless the undisputed facts reveal a basis upon which the plaintiff may prevail, the Court must grant a motion to dismiss. La Gloria, 72 Fed. Cl. at 551; Williams, 71 Fed. Cl. at 197 (citing Scheuer, 416 U.S. at 236).

When evaluating a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept as true all material facts in the complaint and must draw all reasonable inferences in favor of the plaintiff. Chapman Law Firm Co. v. United States, __ F.3d __, 2007 WL 1662323, *2 (2007); La Gloria, 72 Fed. Cl. at 552. It is appropriate for the Court to grant the motion when the facts asserted do not entitle the plaintiff to a remedy. Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000); Space Exploration Technologies Corp. v. United States, 68 Fed. Cl. 1, 7 (2005).

## II. This Court Does Not Possess Subject Matter Jurisdiction

### A. The Jurisdiction Of This Court Is Strictly Limited By Statute

All Federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) (citations omitted). This Court – "a court of exceedingly limited statutory jurisdiction" – is no exception. Shelleman v. United States, 9 Cl. Ct. 452, 455 (1986).

This Court's jurisdiction to entertain a suit and to grant relief is circumscribed by the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). Waiver of sovereign immunity, and hence consent to be sued, must be expressed unequivocally – it cannot be implied. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). Further, waivers of sovereign immunity, such as the bid protest statute, "must be narrowly construed." Anderson Columbia Envtl., Inc. v. United States, 42 Fed. Cl. 880, 885 (1999) (citations omitted). As the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

### B. CENTECH Lacks Standing To Bring This Action

Standing is a threshold jurisdictional issue. Myers Investigative and Sec. Serv., Inc. v. United States, 275 F.3d 1366, 1369 (2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)). "The party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990)) (brackets in original). "[P]rejudice (or injury)

is a necessary element of standing." Id. CENTECH must have suffered an "'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.''" Lujan, 504 U.S. at 561 (citations omitted).

CENTECH invokes 28 U.S.C. § 1491(b)(1) and (b)(2) as the basis for this Court's jurisdiction over the claims presented in its complaint. Compl. at 2. Under that statute, this Court has "jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal Agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or proposed procurement." 28 U.S.C. § 1491(b)(1).[3] Thus, this Court only has jurisdiction to adjudicate claims under its bid protest jurisdiction if the plaintiff is an interested party objecting to at least one of four items: (1) the solicitation; (2) a proposed award; (3) an award; or (4) an "alleged violation of statute or regulation in connection with a procurement or a proposed procurement." Id.

Because CENTECH's contract was reinstated on December 21, 2006, Compl. ¶38, Mem. ¶38, Ex. 12, CENTECH cannot be objecting to a "solicitation," "proposed award;" or "an award" of a Federal procurement contract. As CENTECH's complaint cannot reasonably be read to infer that CENTECH is objecting to its own contract award, that cannot be the basis for this Court's jurisdiction. This Court has recognized that "[i]t is axiomatic that a successful bidder does not have standing to sue under this court's bid protest jurisdiction." La Gloria, 72 Fed. Cl. at 564 (citing American Fed'n of Government Employees v. United States, 258 F.3d 1294, 1302 (2001),

---

[3] 28 U.S.C. § 1491(b)(2) empowers the Court to grant any relief the Court considers proper, including declaratory and injunctive relief, but limits monetary relief to bid preparation and proposal costs.

cert. denied, 534 U.S. 1113 (2002)). See also ABF Freight Sys., Inc. v. United States, 55 Fed. Cl. 392, 397 (2003) (*sua sponte* dismissing claims of plaintiffs that were awarded contracts under the solicitation complained of for lack of jurisdiction).

While the complaint does allege "related violation of statute or regulation in connection with the procurement," as explained below, the alleged violations by the GAO are beyond this Court's authority and the alleged violations by the Air Force are conjectural and hypothetical. Indeed, the essence of CENTECH's claim is that this Court should enjoin the corrective action because the Air Force did not violate any statutes or regulations when it awarded CENTECH the contract.

Nor does CENTECH have standing to ask this Court to resolve an inter-agency jurisdictional dispute between the GAO and the SBA. Compl. ¶¶ 28, 41, 43, 53-56; Mem. 13-21. In support of its contention that it is likely to succeed upon the merits, CENTECH argues that "[o]nly the SBA has the legal authority to determine whether a small business concern is responsible to perform a Federal procurement contract." Mem. 15. CENTECH lacks standing to raise this issue of the extent of the SBA's authority *vis a vis* other agencies. See, e.g., Mem. 31 ("The SBA is irreparably harmed by the GAO's intrusion into its area of exclusive jurisdiction . . . . The GAO seeks to upset the work the Air Force and the SBA performed for no apparent reason other than to expand its legal turf at the SBA's expense.").

CENTECH was not aggrieved in any event because the SBA made a responsibility determination when it issued the COC. Compl. ¶37, Mem. ¶37, Ex. 11; see also Mem. 21. The COC process does not exist for the benefit of CENTECH, but exists for the benefit of the Government. As such, CENTECH does not have a cause of action against the Government even

if the GAO overstepped the authority of the SBA. La Gloria, 72 Fed. Cl. at 561 (citing Freightliner Corp. v. Caldera, 225 F.3d 1361, 1365 (Fed. Cir. 2000)).

### C. The Complaint Should Be Dismissed As Premature

CENTECH cannot establish that it has actually been prejudiced by the Air Force's corrective action of allowing and evaluating revised proposals, and conducting a new best value determination. Because CENTECH's proposal might be the one selected, its complaint is not ripe for adjudication, and this Court does not possess jurisdiction to entertain it. Bannum, Inc. v. United States, 56 Fed. Cl. 453, 462 (2003) (citation omitted).

Federal courts only possess jurisdiction to adjudicate "cases and controversies." Powell v. McCormack, 395 U.S. 486, 496 n.7 (1969). Thus, in order for a Federal court to render a decision, the controversy in question must be ripe for review. Blanchette v. Conn. Gen. Ins. Corp., 419 U.S. 102, 140 (1974). The ripeness doctrine is designed to prevent courts from "entangling themselves in abstract disagreements." Maritrans Inc. v. United States, 342 F.3d 1344, 1359 (Fed. Cir. 2003) (citing Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967)). In deciding whether a case is ripe for review, the court must determine "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." Id. (internal quotations omitted). "A claim is not ripe 'if it is premised upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Bannum, 56 Fed. Cl. at 462 (quoting Texas v. United States, 523 U.S. 296, 300 (1998)).

CENTECH's claim is premised upon the occurrence of a future event that is uncertain (i.e., the award of the contract to another bidder), and thus is not fit for judicial determination. See Maritrans, 342 F. 3d at 1359; Bannum, 56 Fed. Cl. at 462. Thus, CENTECH's claim is similar to

that of the bid protestor in Bannum, wherein the Court found that the claim was unripe. See 56 Fed. Cl. at 462. In Bannum, the protestor, Bannum, was the incumbent contractor/operator of a Bureau of Prisons ("BOP") halfway house. Id. at 455. At the conclusion of the contract, the BOP issued an RFP, which resulted in a "long and drawn out" selection process, with many of the bidders changing their proposals mid-process due to zoning and other issues. Id. Bannum claimed that the BOP was purposefully drawing out the process in order to eliminate it from contention, and sought to compel the BOP to award the contract to Bannum and bid preparation costs. Id. at 455-56. This Court concluded that, since Bannum might still be awarded the contract, Bannum's claim for bid preparation costs was unripe. See id. at 462.

Similarly, CENTECH's claim for injunctive relief is, at this point, premature. The Air Force's contract with CENTECH has not yet been, and is not certain to be, terminated; furthermore the Air Force has not yet, and is not certain to, award the contract to a different bidder. See Compl. ¶ 48 ("*In the event* a proposal other than CENTECH's is found to represent the best value . . .) (emphasis added). As such, CENTECH's claim is clearly based upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas, 523 U.S. at 296. Just as in Bannum, there are still three possible outcomes for the current Air Force bid process: "1) plaintiff could be awarded the contract, 2) another vendor could be awarded the contract, or 3) the [government] could decide to cancel the solicitation." 56 Fed. Cl. at 462. Until CENTECH can demonstrate an actual, extant controversy concerning the award of the contract, its claim is unripe for review and thus its complaint should be dismissed. See id.; see also Massachusetts Bay Transp. Authority v. United States, 21 Cl. Ct. 252, 257 (1990) (holding that courts should not adjudicated claims that are not yet "concrete and adverse").

This lack of concrete controversy is revealed by a comparison to cases in which the plaintiff was entitled to pre-award injunctive relief. For example, Hunt Building Co., Ltd. v. United States, 61 Fed. Cl. 243 (Fed. Cl. 2004), illustrates the prematurity of CENTECH's claim. Though the Court in that case allowed a pre-award bid protest seeking injunctive relief, and granted the requested injunction, the bid selection process in Hunt was much farther along than in the present case. See id. at 270. At the time of the challenge in Hunt, "the Successful Offeror ha[d] been selected, the post-selection finalization of the legal documents ha[d] been completed . . . and all that remain[ed] to be done [was] closing in accordance with those documents." Id. Similarly, the decision granting injunctive relief in University Research Co., LLC v. United States, 65 Fed. Cl. 500, 502 (2005), involved a claim that was brought after a determination was made awarding the contract to a party other than the plaintiff. Conversely, in the present case, no successful offeror has been selected and the CENTECH still holds the contract in question. At present, CENTECH's claim is nothing more than the type of "abstract disagreement" that Federal courts should avoid. See Maritrans, 342 F. 3d at 1359. CENTECH's challenge is unripe and should be dismissed for lack of jurisdiction.

### D. CENTECH's Complaints About Contract Rescission And Withdrawal Of The Responsibility Determination Were Rendered Moot When Its Contract Was Reinstated

In CCL Serv. Corp. v. United States, 43 Fed. Cl. 680, 693 (1999), this Court dismissed as moot challenges to a solicitation and contract award that was cancelled. The Court explained that the mootness doctrine is derived from the "case or controversy" requirement of Article III of the United States Constitution, which permits Federal courts to entertain only live controversies. Id. at 688 (citing Northrop Corp. v. United States, 27 Fed. Cl. 795, 800 n.4 (1993)).

There is no live controversy with respect to contract rescission or the responsibility determination. CENTECH admits that the Air Force reinstated its contract award on December 21, 2006. Compl. ¶ 38. The complaint also quotes the GAO Decision, Compl. ¶48, as recommending *possible future* termination of CENTECH's contract if another proposal is found to represent the best value to the Government as a result of RFP Amendment No. 3. Thus, the complaint itself thus refutes CENTECH's allegation, Comp. ¶57, that it was "unlawfully deprived" of this contract, and that its "injury consists of its loss of a government contract and the opportunity to retain and fairly compete for the contract." Compl. ¶ 61; see also ¶¶ 69, 76, 90, 97, 103, Prayer for Relief at 19. These allegations concerning contract rescission are moot because CENTECH still is the awardee of the ARDTEAS contract.

In Count VI, CENTECH also complains that the contracting officer arbitrarily and illegally requested that the SBA issue a COC. Even if that request were improper, this count should be dismissed as moot because CENTECH admits that on December 4, 2006, the SBA certified that CENTECH was "responsible" to receive and perform the contract, Compl. ¶37, and that the contract was reinstated. Compl. ¶ 38. As the Federal Circuit explained in Chapman, 2007 WL 1662323, at *4, "[w]hen, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should generally be dismissed." Because the reinstatement of the contract moots these claims, they should be dismissed.

### E. This Court Lacks Jurisdiction to Direct the Contract Award to CENTECH

This Court's does not have the authority to direct the contract award to CENTECH. CCL, 43 Fed. Cl. at 688 (citing Durable Metals Prods., Inc. v. United States, 27 Fed. Cl. 472, 476, aff'd,

11 F.3d 1071 (Fed. Cir. 1993)); see also ManTech Telecommunications and Information Sys. Corp. v. United States, 49 Fed. Cl. 57, 79 (2001) ("there are serious questions as to whether this court is ever authorized to award directly a contract."); CACI, Inc.–Federal v. United States, 719 F.2d 1567, 1575 (Fed. Cir. 1983); Arrowhead Metals, Ltd. v. United States, 8 Cl. Ct. 703, 711 (1985); Contract Custom Drapery Service, Inc. v. United States, 6 Cl. Ct. 811, 820 (1984), aff'd without opinion, 785 F.2d 321 (Fed. Cir. 1985). The ultimate grant of a contract is solely within the discretion of the contracting agency, and courts will not make contracts for the parties. Id.; Foley Construction Co. v. United States Army Corps of Engineers, 716 F.2d 1202, 1206 (8th Cir. 1983), cert. denied, 466 U.S. 936 (1984); B.K. Instrument, Inc. v. United States, 715 F.2d 713, 728 (2d Cir. 1983); Sealand Service v. Brown, 600 F.2d 429, 432 (3d Cir. 1979); Scanwell Laboratories, Inc. v. Shaffer, 424 F.2d 859, 864, 869 (D.C. Cir. 1970). The Court should therefore dismiss the complaint for lack of jurisdiction.

### F. This Court Lacks Jurisdiction Over CENTECH's Complaint Even If The Court Treats The Corrective Action As Tantamount To Termination Of The Contract

In Count VI, CENTECH claims that the contracting officer illegally rescinded its contract. We have demonstrated above that this count was rendered moot by the reinstatement of the contract. However, if the Court disagrees and treats the contract suspension as tantamount to termination, it should still dismiss this count. As the United States Court of Appeals for the Federal Circuit recognized in OAO Corp. v. Johnson, 49 F.3d 721, 724-25 (Fed. Cir. 1995), a claim based upon termination of a contract must be pursued under the CDA. See also Data Monitor Systems, Inc. v. United States, 74 Fed. Cl. 66, 71 (2006); Davis/HRGM Joint Venture v.

United States, 50 Fed. Cl. 539, 544 (2001); Griffy's Landscape Maintenance LLC v. United States, 51 Fed. Cl. 667, 673 (2001).

This case presents similar facts. Here, the Air Force awarded a contract to CENTECH but suspended it so it could take corrective action to remedy alleged violations of the procurement regulations in response to the GAO Decision. Contract administration including termination is governed by the CDA after the award. Control Data Sys. v. United States, 32 Fed. Cl. 520, 524 (1994) ("Once a contract has been awarded, the administration of the existing contract is within the discretion of the agency and disputes are resolved . . . under the contract disputes clause and the Contract Disputes Act."); see also ABF Freight Sys., 55 Fed. Cl. at 397 ("The court does not see how a plaintiff asserting claims pertaining to a contract it has made with the government could be a 'disappointed bidder' for bid protest purposes . . . Rather, such a plaintiff is a contractor asserting a claim 'relating to a contract' and is subject to the Contracts Disputes Act jurisdiction of this court, as set forth in 41 U.S.C. § 609.") (citations omitted).

Under the CDA, a contractor must present a claim to the contracting officer and obtain a final decision before it may seek redress in this Court. 41 U.S.C. § 605; Sharman Co. v. United States, 2 F.3d 1564, 1573 (Fed. Cir. 1993) (holding that final decision from contracting officer is a jurisdictional prerequisite to bringing suit under the CDA), overruled on other grounds, Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995) (en banc). CENTECH has neither alleged a violation of the CDA nor complied with the jurisdictional requirements of the CDA. Consequently, this Court lacks jurisdiction over CENTECH's contract rescission claims.

In Data Monitor, 74 Fed. Cl. at 72,[4] the Court noted that Delaney Constr. Corp. v. United States, 56 Fed. Cl. 470 (2003), distinguished between situations in which the plaintiff challenged proposed corrective action in an ongoing procurement from cases in which the contract was terminated. The Court understood each of these cases "simply as enforcing an existing right in the matter prescribed by law." Accordingly, if this Court treats the suspension of CENTECH's contract as tantamount to termination, it should dismiss the complaint for lack of subject matter jurisdiction.

## III. The Allegations Against The GAO Fail To State A Claim Upon Which Relief Can Be Granted

If the Court determines that it has jurisdiction to review the Air Force's corrective action at this time, see Textron, Inc. v. United States,[5] 74 Fed. Cl. 277, 289 (2006) (citing ManTech, 49 Fed. Cl. at 65 n.13), it should nonetheless dismiss the following portions of CENTECH's complaint that challenge the actions of the GAO because this Court "does not sit in appellate review of GAO decisions." Cubic Applications, Inc. v. United States, 37 Fed. Cl. 345, 353 (1997); Arch Chemicals, Inc. v. United States, 64 Fed. Cl. 380, 383 n.4 (2005); University Research Co., 65 Fed. Cl. at 501 n.2.

---

[4] The Court dismissed the complaint for lack of jurisdiction from the bench but, in the published decision, noted that the dismissal should more properly be construed as falling under RCFC 52.1(b). Data Monitor, 74 Fed. Cl. at 67 n.1.

[5] In Textron, 74 Fed. Cl. at 331, the Court granted the Government's motion for judgment on the administrative record upholding the contract award. As explained previously, in this case the only contract award to date is to CENTECH.

(1) Paragraphs 22-25 challenge the timeliness of TYBRIN's protest. CENTECH alleges at paragraph 25 that GAO ignored its legal obligation to dismiss TYBRIN's protest as untimely.

(2) Paragraph 28 asserts that "the GAO arbitrarily and unlawfully assumed for itself the jurisdiction to decide TYBRIN's protest and verbally communicated to the Air Force its intent to sustain the protest if the Air Force failed to implement corrective action." In paragraph 51, CENTECH complains that TYBRIN lacked standing to complain to the GAO.

(3) Paragraphs 41-47 address issues that arose during TYBRIN's fifth supplemental protest. In paragraph 42, CENTECH claims that "the GAO illegally assumed jurisdiction over TYBRIN's protest and sustained it on March 13, 2007." In paragraph 44, CENTECH claims that "the GAO arbitrarily reasoned that on the face of CENTECH's proposal the Agency should have concluded that CENTECH would not agree to comply with the subcontracting limitation at FAR 52.219-14." In paragraph 46, CENTECH maintains that "no rational basis exists for the GAO to have concluded that CENTECH would not comply with the SBA's interpretation of the clause based on CENTECH's proposal submitted in response to a different stated requirement."

(4) In paragraphs 48-52, CENTECH attacks the GAO's corrective action recommendation as "overbroad." CENTECH claims that "the GAO arbitrarily recommended corrective action" in paragraph 48. In paragraph 49, CENTECH asserts that the GAO's recommended corrective action "exceeds the scope of the corrective action needed to remedy any prejudice to offerors," and, in paragraph 50, CENTECH suggests its own remedy.

(5) Paragraphs 53-57 discuss an inter-agency jurisdictional disagreement between the GAO and the SBA. In paragraph 56, CENTECH complains that "the GAO unilaterally and unlawfully extended its jurisdiction and rendered an unlawful decision." In paragraph 56, complains about "the GAO's arbitrary and capricious acts."

(6) In Count I of the complaint at paragraph 60, CENTECH alleges that "the GAO exceeded its legal authority and rendered an unlawful decision." It further maintains in paragraph 61 that "[a]s a result of the GAO's unlawful actions," CENTECH suffered irreparable injury.

(7) Count II challenges the lawfulness of the GAO's acceptance of TYBRIN's protest. At paragraphs 66-68, CENTECH asserts that the GAO ignored its own regulations, violated federal procurement laws and regulations, and exceeded the bounds of its jurisdiction in deciding TYBRIN's protest. Again, in paragraph 69, CENTECH claims that "[a]s a consequence of the GAO's unlawful actions," CENTECH suffered irreparable injury.

(8) In Count IV, CENTECH challenges the GAO's determination on the grounds that TYBRIN lacked standing to protest. See Paragraph 85. According to CENTECH, "the GAO was legally obligated to dismiss TYBRIN's protest," paragraph 87, and violated the law by sustaining it. See Paragraph 88. Paragraph 89 refers to the GAO decision as "illegally rendered."

In its Prayer for Relief at page 20, CENTECH refers to "[t]he Air Force and GAO's violations of federal procurement statutes, regulations, and policies," and asks this Court to "[d]eclare that the Air Force and GAO violated federal procurement laws, and acted unreasonably, arbitrarily, and capriciously by their actions complained about herein."

If the Court asserts jurisdiction over the complaint, it should dismiss these claims for failure to state a claim for which relief can be granted. See Boyle, 200 F.3d at 1372; Space Exploration, 68 Fed. Cl. at 7.

**CONCLUSION**

For the reasons stated above, we respectfully request that the Court dismiss CENTECH's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Deborah A. Bynum

DEBORAH A. BYNUM
Assistant Director

/s/ Arlene Pianko Groner

ARLENE PIANKO GRONER
Trial Attorney
National Courts Section
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 307-0162
Fax: (202) 305-7643
Attorneys for Defendant

OF COUNSEL:

JOHN G. TERRA
Trial Attorney
U. S. Air Force Legal Operations Agency
Commercial Litigation Division
Arlington, Virginia

August 13, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2007, "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Arlene Pianko Groner
ARLENE PIANKO GRONER