**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | | |
|---|---|---|
| **THE CENTECH GROUP, INC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 07-513C** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COMES NOW, the Plaintiff, The CENTECH GROUP, Inc. ("CENTECH"), through undersigned counsel, and files this Motion for Leave to file an Amended Complaint. Plaintiff seeks leave to file an Amended Complaint to resolve ambiguities the Court and Defendant have raised concerning the intent and scope of Plaintiff's claims in its original complaint. Therefore, Plaintiff seeks leave to file an amended complaint to promote the interests of justice, and the Parties' and the Court's complete understanding of the claims CENTECH asserts. Plaintiff also looks to reduce the number of counts that it will assert in an Amended Complaint.

Pursuant to Rule 15 of the Rules of the United States Court of Federal Claims, the Court is to freely grant leave to the Parties to file amended pleadings when justice so requires. Leave to file amended complaints has been granted if the filing is done to clarify the Court's jurisdictional role and address the government's concerns regarding specificity of relief requested. See ATK Thiokol, Inc. v. United States, 76 Fed. Cl. 654 (2007). Further, the U.S. Supreme Court has stated that outright refusal to grant the leave

to amend a pleading without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). The Fifth Circuit has repeatedly "indicated the disfavor with which [it] views district court denials of amendments without stated reasons," but the court has also found that "this lapse is unfortunate but not fatal to affirmance" when there are "ample and obvious grounds" for the denial. Rhodes, 654 F.2d at 1153-54. See also, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("Although the absence of an explanation of the denial need not always result in reversal, . . . the reasons would have to be readily apparent . . . .").

There is no prejudice to any Party resulting from the Amended Complaint. The Defendant and Intervenor have not filed Answers to Plaintiff's original Complaint. The Amended Complaint eliminates counts and ambiguities identified by the Court and by the Defendant and Intervenor. The amendment serves the interest of justice by clarifying the proper role of this Court in reviewing GAO bid protest decisions as part of the agency's administrative record and not as an appellate body over the GAO. The amendment is not futile. There are no timeliness issues with the amendment. CENTECH meets the Court's timeliness requirements with respect to matters in the Amended Complaint, such that relation back to the original Complaint would be appropriate. Finally, there is no bad faith, dilatory motive, or repeated failure to cure errors in the original Complaint.

WHEREFORE, the Plaintiff, The CENTECH GROUP, Inc. moves the Court for leave to file its Amended Complaint.

Dated: September 25, 2007

Respectfully Submitted,

/s/ Kenneth A. Martin
____________________________

Kenneth A. Martin
THE MARTIN LAW FIRM, PLLC
6723 Whittier Ave., Suite 200
McLean, VA 22101
(703) 918-0350; (703) 918-0386 (fax)

***Counsel for THE CENTECH GROUP, Inc.***

Max V. Kidalov
Vice President & General Counsel
THE CENTECH GROUP, Inc.
4600 North Fairfax Drive
Suite 400
Arlington, VA 22203
(703) 504-2841
(703) 525-2349 fax

Of Counsel to THE CENTECH GROUP, Inc.