**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **THE CENTECH GROUP, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-513C** |
| | ) | **(Judge Coster Williams)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **TYBRIN, INC.** | ) | |
| | ) | |
| **Intervenor.** | ) | |

**DEFENDANT'S OPPOSITION**
**TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant, the United States, opposes the motion by plaintiff, The CENTECH Group, to amend its complaint. While we would not oppose an amendment of plaintiff's complaint to conform it to the Court's September 25, 2007 memorandum opinion and order ("Memorandum Opinion"), we oppose the proposed amended complaint because it recasts the complaint and adds new claims for relief.

The proposed amended complaint, at 1, 2, 18, 19, adds new requests for declaratory relief and reimbursement for bid and proposal preparation costs in connection with Amendment No. 3. In holding that the original complaint "is a quintessential bid protest and is not a 'claim' relating to its performance of a contract under the CDA," the Memorandum Opinion cited the fact that CENTECH did not seek termination for convenience costs. Slip op. at 17. While we disagree with some of the Court's findings, our motion for judgment on the administrative record addressed the allegations in the original complaint as interpreted by the Memorandum Opinion.

We would be prejudiced by having to respond to new claims at this time. In the event the Court allows CENTECH to amend its complaint, we will need to amend our motion for judgment on the administrative record.

The request for leave to amend the complaint should also be denied because the new request for bid and proposal costs is futile. See S.K.J. & Assoc., Inc. v. United States, 67 Fed Cl. 218, 229 (2005) (dismissing claim for bid preparation and proposal costs for a cancelled solicitation as moot); Emerald Coast Finest Produce Co., Inc. v. United States, 76 Fed. Cl. 445, 451 (2007) (denying motion to amend on grounds of futility). CENTECH is not entitled to bid and proposal costs in connection with Amendment No. 3 because, as we demonstrate in our motion for judgment on the administrative record, the Air Force acted reasonably in taking corrective action. Moreover, CENTECH's motion should be denied because it has failed to itemize any bid preparation and proposal costs.

CENTECH relies upon ATK Thiokol, Inc. v. United States, 76 Fed. Cl. 654 (2007), for the proposition that leave to amend a complaint has been granted to clarify the Court's jurisdictional role and address the Government's concerns regarding specificity of relief. Motion at 1. The Court in that case, however, found that the Government had adequate notice of the new claims. Id. at 662. In this case, on the other hand, the Memorandum Opinion relied upon the fact that CENTECH did not seek termination for convenience costs in its original complaint. Slip op. at 17.

Finally, the prejudice to the Government outweighs the harm to CENTECH. CENTECH can seek bid and proposal costs from the contracting officer pursuant to the Contract Disputes Act, 41 U.S.C. § 605(a).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Deborah A. Bynum

DEBORAH A. BYNUM
Assistant Director

/s/ Arlene Pianko Groner

ARLENE PIANKO GRONER
Trial Attorney
National Courts Section
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 307-0162
Fax: (202) 305-7643
Attorneys for Defendant

OF COUNSEL:

JOHN G. TERRA
Trial Attorney
U. S. Air Force Legal Operations Agency
Commercial Litigation Division
Arlington, Virginia

September 26, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September 2007, Defendant's Opposition To Plaintiff's Motion for Leave to File Amended Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Arlene Pianko Groner
ARLENE PIANKO GRONER