# In the United States Court of Federal Claims

**No. 07-513C**
**(Filed October 1, 2007)**
**Bid Protest**

| | | |
|---|---|---|
| **THE CENTECH GROUP, INC.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Preaward Bid Protest; RCFC 15(a); Leave to Amend Complaint; Futility; Prejudice.** |
| **THE UNITED STATES,** | * | |
| **Defendant,** | * | |
| **and** | * | |
| **TYBRIN, INC.,** | * | |
| **Intervenor.** | * | |

Kenneth A. Martin, Martin & Associates, 6723 Whittier Avenue, Suite 200, McLean, VA 22102, for Plaintiff.

Arlene P. Groner, U.S. Department of Justice, Civil Division, Commercial Litigation Branch,1100 L Street, NW, Room 7024, Washington, D.C. 20530, for Defendant.

John S. Pachter, Jonathan D. Shaffer, and Mary Pat Gregory, Smith Pachter McWhorter PLC, 8000 Towers Crescent Drive, Suite 900, Vienna, VA 22182, for Intervenor.

---

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

---

**WILLIAMS**, Judge

This matter comes before the Court on Plaintiff's motion for leave to amend its complaint in this bid protest. Because the proposed amended complaint clarifies the original complaint and will not prejudice any party or adversely impact the expedited schedule, leave to amend is granted.

## Background and Procedural History

Plaintiff, the Centech Group, Inc., challenges the Air Force's de facto rescission of its services contract and its decision to reopen discussions and solicit revised proposals -- corrective actions the Air Force took to implement a recommendation by the Government Accountability Office (GAO) in a protest filed by Tybrin Corporation (Intervenor). This procurement was a small business set-aside, and Intevenor contended in the GAO protest that Centech failed to comply with the Limitations on Subcontracting (LOS) clause, Federal Acquisition Regulation (FAR) 52.219-14, which requires that a small business perform at least 50 percent of the labor cost using its own personnel. Although the Small Business Administration had determined that Centech complied with this clause and found Centech to be a responsible small-business offeror, GAO deemed compliance with the LOS clause to be a matter of proposal acceptability, not responsibility, and found that Centech's proposal did not meet the 50 percent personnel requirement. In response to the GAO's recommendation for corrective action, the Air Force issued Amendment 3 to the solicitation requesting revised proposals. All four offerors, including Centech, submitted revised proposals on July 31, 2007, and these proposals are currently being evaluated. The Air Force intends to make an award in February, 2008. Plaintiff asks this Court to reinstate its original award and declare that the Air Force's decision to follow GAO's recommendation and take corrective action was arbitrary and capricious.

Plaintiff filed its original complaint on July 9, 2007. Defendant filed the administrative record on July 20, 2007. Defendant and Intervenor filed motions to dismiss on August 13, 2007. Plaintiff filed an opposition to those motions on September 4, 2007, and Defendant and Intervenor responded to Plaintiff's opposition on September 11 and 12, respectively. On September 18, 2007, the Court granted the motions to dismiss in part holding that the Court did not have jurisdiction to review GAO's recommendation as its review is limited to agency procurement decisions under 28 U.S.C. § 1491(b). The Court denied the motions to the extent they sought dismissal on grounds of standing, justiciability, and ripeness.[1] On September 25, 2007, Plaintiff moved for leave pursuant to Rule 15(a) of the Rules of the United States Court of Federal Claims (RCFC) to file an amended complaint to resolve ambiguities concerning the "intent and scope" of its claims. Pl.'s Mot. for Leave to File Am. Compl. at 1. Intervenor does not oppose granting leave to amend, but Defendant filed an opposition to this motion on September 26, 2007. Defendant also filed a motion for judgment on the administrative record on September 26, 2007, prior to the deadline of October 1, 2007.

## Discussion

Under Rule 15(a), once a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." RCFC 15(a). Further, leave shall be freely given when justice so requires. Id. The decision whether "to grant leave [to amend] rests within the sound discretion of the [court]," and the federal rules "strongly favor granting leave to amend." Chisolm v. TranSouth Fin. Corp., 95 F.3d 331, 338 (4th Cir. 1996) (quoting Medigen of Ky., Inc. v. Public Serv. Comm'n of W. Va., 985 F.2d 164, 167-68 (4th Cir. 1993) . As the Federal Circuit has recognized:

[1] The Court filed its opinion on September 25, 2007.

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-- the leave sought should, as the rules require, be "freely given."

Te-Moak Bands of Western Shoshone Indians v. United States, 948 F.2d 1258, 1260 (Fed. Cir. 1991) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). In a bid protest, the Court's decision on whether to grant leave to amend a complaint must be informed by an additional consideration -- the statutory admonition that in exercising its bid protest jurisdiction, the Court "shall give due regard to the need for expeditious resolution of the action." 28 U.S.C. § 1491.

Defendant argues that the proposed amended complaint "adds new requests for declaratory relief and reimbursement for bid and proposal preparation costs in connection with Amendment No. 3." Def.'s Opp. to Pl.'s Mot. for Leave to File Am. Compl. at 1. However, Defendant did not articulate what language in the proposed amended complaint is "new," but merely cited the amended complaint at pages 1, 2, 18, and 19. Presumably, Defendant's challenges relate to the following requests for relief in the amended complaint:

> [D]eclare that the Air Force lawfully and properly awarded CENTECH the contract on April 28, 2006 under the [ARDTEAS] program pursuant to the lawfully performed source selection that the Air Force conducted . . .
>
> [P]rohibit the Air Force from arbitrarily, capriciously, and illegally canceling, rescinding, recompeting, or re-awarding such contract, as the Air Force is currently doing in connection with Amendment No. 3 to the ARDTEAS Request for Proposals . . .
>
> [Award Plaintiff] reimbursement for bid and proposal preparation costs it had to expend in connection with being forced to compete in the illegal reaward process under RFP Amendment No. 3.
>
> . . . .
>
> Declare that the Air Force violated federal procurement laws and acted unreasonably, arbitrarily, and capriciously by its actions complained about herein, with an Order prohibiting the Air Force from arbitrarily, capriciously, and illegally canceling, rescinding, recompeting, or re-awarding its [ARDTEAS] contract it awarded to CENTECH on April 28, 2006, as the Air Force is currently doing in connection with Amendment No. 3 to the ARDTEAS [RFP] . . .

. . . .

> Preliminarily and permanently enjoin the Air Force from illegally allowing anyone other than CENTECH to perform the Air Force's ARDTEAS service requirements for the stated term of the ARDTEAS contract awarded to CENTECH . . .

Pl.'s Am. Compl. at 1, 2, 18, and 19.

In its proposed amended complaint, Plaintiff specifies that the challenged "corrective action" was Amendment 3 -- a matter the parties and the Court understood from the context of the original complaint. There are no new factual allegations in the amended complaint which were not at least referenced in the original complaint. ("The Air Force acted arbitrarily and capriciously when it accepted and implemented the GAO's protest decision and recommendation for corrective action . . ."). Compl. at 15; See also ¶ ¶ 57 and 89. Further, in the original complaint, Plaintiff asked the Court to "prohibit the Air Force's expenditure of funds for its [ARDTEAS] program under any contract except the contract that the Air Force awarded to [Plaintiff] on April 28, 2006 pursuant to the Air Force's lawfully performed source selection" and "declare that the Air Force and GAO violated federal procurement laws, and acted unreasonably, arbitrarily, and capriciously by their actions complained about herein." Compl. at 1, 20-21.

Although Plaintiff's original complaint does not mention Amendment 3 in haec verba, it does challenge the Air Force's recission of the contract award and implementation of GAO's recommended corrective action, and all parties acknowledge that Amendment 3 embodied the corrective action in significant part. Thus, the parties were clearly on notice that Plaintiff was challenging Amendment 3 in its original complaint. Further, Plaintiff in the original complaint requested generalized "bid and proposal preparation costs" which would include those arising from proposal efforts taken in response to Amendment 3.

The fact that Plaintiff clarified its complaint to particularize its allegations will not prejudice Defendant. Although this is a bid protest which must receive expedited consideration by the Court, allowing the amended complaint will not unduly delay the proceeding. At present, Defendant's and Intervenor's motions for judgment on the administrative record are due on October 1, 2007. Defendant filed its motion for judgment on the administrative record early -- on September 26, 2007. Defendant has not articulated why the amended complaint will require an amendment of its motion papers or stated how long such an amendment would take to prepare. The current schedule can accommodate some slippage without adversely impacting any party. The Air Force has represented that any award made pursuant to Amendment 3 will not be implemented until February 2008, and the briefing schedule can be revised to permit Defendant to submit an amendment to its motion papers addressing the amended complaint.

Defendant also contends that Plaintiff's "new request for bid and proposal costs is futile." Def.'s Opp. to Pl.'s Mot. for Leave to File Am. Compl. at 2. A Court should not grant leave to amend if the proposed amendment would be futile. Foman, 371 U.S. at 182. A finding of futility in this procedural context requires the Court to determine that the proposed amendment is subject to

dismissal or so wholly and patently lacking in merit that it cannot possibly succeed. For example, in Emerald Coast Finest Produce Co., Inc. v. United States, 76 Fed. Cl. 445, 452 (2007), the Court properly denied leave to amend the complaint in a bid protest where the plaintiff alleged post-award conduct which was not actionable because it was outside of the Court's bid protest jurisdiction. ("Because all of the claims, with a possible exception not relevant here . . . are outside of the court's ADRA jurisdiction, the filing of the amended complaint would be 'futile.'").

In addition, Defendant argues that Plaintiff's "new" claim for bid and proposal costs in the amended complaint is moot. Def.'s Opp. to Pl.'s Mot. for Leave to File Am. Compl. at 2. Plaintiff's claim for bid and proposal preparation costs incurred pursuant to Amendment 3 is not moot because, as the Court ruled in its decision on the motions to dismiss, the propriety of the Air Force's issuance of Amendment 3 and its de facto rescission of Plaintiff's prior award present live, concrete controversies. The Centech Group, No. 07-513C, slip. op. at 13 (Fed. Cl. Sept. 25, 2007).

Defendant further contends that Plaintiff "is not entitled to bid and proposal preparation costs in connection with Amendment No. 3 because . . . the Air Force acted reasonably in taking corrective action." Def.'s Opp. to Pl.'s Mot. for Leave to File Am. Compl. at 2. However, Plaintiff has stated a viable claim for relief -- whether or not the Air Force acted reasonably in taking corrective action. This allegation is clearly within the Court's jurisdiction, goes to the merits of the protest and is not so facially deficient as to be deemed "futile."

Defendant's final suggestion that leave to amend should be denied because Plaintiff "failed to itemize its bid preparation and proposal costs," is similarly without merit. Id. While Plaintiff will have to itemize its bid preparation and proposal costs in order to recover them, it does not need to do so as a matter of pleading here.[2]

## Conclusion

1. Plaintiff's motion for leave to file its proposed amended complaint is **GRANTED**.

2. Plaintiff's amended complaint is accepted for filing this date.

3. Defendant and Intervenor shall respond to the amended complaint by **October 10, 2007**.

4. Defendant's amendment to its motion for judgment on the AR shall be filed by **October 10, 2007**. Defendant's amendment shall be limited to matters it deems newly raised in the amended complaint. Further, Defendant's amendment to its motion for judgment on the AR shall be set forth in a separate document, shall not repeat matters in its previously filed motion, and shall not exceed 10 pages.

---

[2]Given the ongoing nature of this procurement, it is unclear whether Plaintiff's bid and proposal preparation costs have been finalized yet.

5. Plaintiff's motion for judgment on the administrative record and opposition to Defendant's and Intervenor's motions shall be filed by **October 29, 2007**, and Defendant's and Intervenor's replies shall be filed by **November 7, 2007**.

6. Oral argument will be held on **November 15, 2007, at 11:00 a.m. EST** at the Court of Federal Claims.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**