**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Washington, D.C.**

**BID PROTEST**

| | | |
|---|---|---|
| CENTECH GROUP, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | CFC No. 07-513C |
| THE UNITED STATES OF AMERICA | ) | Judge Mary Ellen Coster Williams |
| Defendant, | ) | |
| and | ) | |
| TYBRIN CORPORATION | ) | |
| Intervenor-Defendant. | ) | |

**TYBRIN CORPORATION MOTION TO DISMISS OR STRIKE AND BRIEF IN SUPPORT**

Pursuant to RCFC 12(b)(1) and 12(b)(6), TYBRIN Corporation ("TYBRIN"), by counsel, requests that the Court dismiss or strike paragraphs 26, 29, 40, 42-45, 49, 57 and 58 of the CENTECH Group, Inc. ("CENTECH") Amended Complaint as contrary to this Court's Opinion and Order filed September 25, 2007 and for lack of jurisdiction and failure to state a claim.

In its September 25, 2007 Opinion ("Op.") the Court held that it does not have jurisdiction to review GAO procedural and substantive determinations. Previously, CENTECH acknowledged that it "does not ask the Court to review the legality of the Government Accountability Office ('GAO') protest decision." CENTECH's September 4, 2007 Opposition to Motions to Dismiss, at 3. Yet, in its Amended Complaint, CENTECH

asks this Court to review GAO's procedural and jurisdictional decisions. Amended Complaint ¶¶ 26, 29, 40, 42-45, 49, 57 and 58.

## ISSUES PRESENTED

1. Whether allegations in a complaint should be dismissed or stricken because they are contrary to an Opinion and Order of this Court for which the Plaintiff has not sought reconsideration.

2. Whether the Court has jurisdiction to review GAO's recommendation and GAO procedural and substantive determinations.

## STATEMENT OF THE CASE AND STATEMENT OF FACTS

CENTECH filed its original Complaint on July 9, 2007, challenging the Air Force's suspension of CENTECH's contract and the Air Force's decision to follow GAO's recommendation to reopen discussions and solicit revised proposals.

The procurement was a small business set aside. The SBA, the Air Force and GAO found that CENTECH's proposal did not propose to comply with the requirements of FAR 52.219-14 ("50% rule"). GAO held that a proposal that, on its face, does not propose to comply with the 50% rule, is unacceptable.

The Air Force and TYBRIN filed motions to dismiss on August 13, 2007. On September 25, 2007, the Court granted the motions to dismiss in part, holding that the Court did not have jurisdiction to review GAO's recommendation or its procedural or substantive decisions. Op. at 15, 17. Specifically, the Court held:

> In its complaint, Centech alleges that (1) GAO lacked jurisdiction over Tybrin's protest, (2) Tybrin's protests before GAO were untimely, and (3) GAO acted "illegally" and "arbitrarily," in granting Tybrin's protest. Compl. ¶¶ 22-25, 28, 42, 44-47, 56-57, 59-61, 63-69, 81, 85-90. ***This Court, however,***

> ***will not undertake a review of GAO's procedural or substantive decisions***.

Op. at 15. (emphasis added).

The Court also held:

> Defendant's and Intervenor's Motions to Dismiss are granted in part insofar as ***this Court lacks jurisdiction to review GAO recommendations***. However, the Court will consider GAO's decision in reviewing the agency's procurement action because the agency relied upon the GAO's recommendation in effecting the challenged procurement decision.

Op. at 17. (emphasis added).

CENTECH then moved for leave to file an Amended Complaint to resolve ambiguities concerning the intent and scope of its claims. Despite the Court's holding, CENTECH's September 25, 2007 Amended Complaint ("AC") renewed its protest allegations challenging GAO's procedural and substantive decisions.[1]

On October 1, 2007, the Court granted CENTECH's motion and permitted the Air Force and TYBRIN until October 10, 2007 to file responses. The Air Force filed a motion for judgment on the administrative record on September 26, 2007 and TYBRIN filed a motion for judgment on the administrative record on October 1, 2007.

---

[1] See, e.g., Amended Complaint ¶ 26 ("despite the untimeliness of the TYBRIN's protest, the GAO proceeded to decide in violation of law and its rules"); ¶ 29 (challenging GAO's jurisdiction); ¶ 40 (challenging GAO's legal authority to consider TYBRIN's protest); ¶ 42 (challenging GAO's fact finding); ¶ 43 (GAO "wrongfully opined regarding remedy"); ¶ 44 (GAO's decision was "illegally and wrong procedurally and substantively"); ¶ 45 (TYBRIN "lacks standing to complain before GAO"); ¶ 49 (referring to a "manifest of factual and legal errors" by GAO); ¶ 49 (challenging GAO decision as violation of federal procurement laws); ¶ 57 (questioning timeliness of TYBRIN GAO protest); ¶ 58 (accusing GAO of "numerous legal and factual errors" and exceeding "the bounds of its legal jurisdiction").

## ARGUMENT

### I. Portions of the CENTECH Amended Complaint Should Be Dismissed or Stricken As Contrary to the Court's Opinion and Order of September 25, 2007

This Court dismissed the portions of CENTECH's Complaint seeking review of GAO's procedural or substantive decisions. Op. at 15, 17. Yet, CENTECH's Amended Complaint raises the identical issues. Of the ten paragraphs in the Amended Complaint that challenge GAO determinations, nine are essentially identical to the initial Complaint.[2] The only new paragraph challenges GAO's decision as "illegal and wrong ***procedurally and substantively***." AC ¶ 44. (emphasis added). This allegation uses the same phrase specifically rejected by the Court. See Op. at 15 (Court will ***not*** review GAO "procedural or substantive decisions").

### II. The Court Lacks Jurisdiction and CENTECH Fails to State a Claim to the Extent that It Challenges GAO Procedural and Substantive Decisions

In a bid protest in Court following corrective action, the issue is whether the agency's corrective action was rationally based and consistent with statute and regulation. Honeywell, Inc. v. United States, 870 F.2d 644, 648 (Fed. Cir. 1989). To the extent the agency relies on a GAO decision, the Court's jurisdiction "does not extend to alleged violations of statutes and regulations governing GAO's review of a bid protest …." Advance Constr. Servs., Inc. v. United States, 51 Fed. Cl. 362, 365 (2002). The Court is limited to determining whether the agency had a rational basis for agency action. In Honeywell, the Federal Circuit held:

> [A] procurement agency's decision to follow the Comptroller General's recommendation, even though that recommendation differed from the contracting officer's initial decision, was proper unless the Comptroller General's decision itself was

[2] Compare Complaint ¶¶ 25, 28, 42, 44, 46, 51, 56, 60 and 65 to Amended Complaint ¶¶ 26, 29, 40, 42-43, 45, 49, 57 and 58.

> irrational. "If the court finds a reasonable basis for the agency's action, the court should stay its hand even though it might, as an original proposition, have reached a different conclusion as to the proper administration and application of the procurement regulations." *M. Steinthal & Co. v. Seamans* [16 CCF ¶80,781], 455 F.2d 1289, 1301 (D.C. Cir. 1971).

Honeywell v. United States, 870 F.2d at 648.

## CONCLUSION

The Court should dismiss or strike paragraphs 26, 29, 40, 42-45, 49, 57 and 58 of the Amended Complaint as contrary to the Court's September 25, 2007 Opinion and Order. As to those paragraphs, the Court lacks jurisdiction and CENTECH fails to state a claim.

Respectfully submitted,

Date: October 10, 2007

By: /s/ John S. Pachter
John S. Pachter, Counsel of Record
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
Tel: (703) 847-6300
Fax: (703) 847-6312
*Counsel for TYBRIN Corporation*

*Of Counsel*:
Jonathan D. Shaffer
Mary Pat Gregory
SMITH PACHTER MCWHORTER PLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2007, "MOTION TO DISMISS OR STRIKE AND BRIEF IN SUPPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Mary Pat Gregory
Mary Pat Gregory