**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **THE CENTECH GROUP, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-513C** |
| | ) | **(Judge Coster Williams)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **TYBRIN, INC.** | ) | |
| | ) | |
| **Intervenor.** | ) | |

**DEFENDANT'S AMENDMENT TO MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

Pursuant to the Court's Order of October 1, 2007, granting CENTECH leave to amend its complaint, defendant, the United States, hereby amends its motion for judgment on the administrative record to address matters newly raised in the amended complaint.

**JURISDICTION**

In addition to invoking this Court's bid protest jurisdiction under 28 U.S.C. § 1492(b), as CENTECH did in its original complaint ("Compl."), the amended complaint ("Am.Compl.") cites 28 U.S.C. § 1491(a) to allege breach of an implied contract to fairly consider CENTECH's bid. Although the Federal Circuit has declined to address whether the implied contract theory survived the Administrative Dispute Resolution Act of 1996, Pub. L. No. 104-320, § 12(a)-(b), 110 Stat. 3870, 3874 (1996) (codified at 28 U.S.C. § 1491(b)(2000)), Emery Worldwide Airlines, Inc. v. United States, 264 F.3d 1071, 1082 n.9 (Fed. Cir. 2001), this Court has repeatedly declined to assert jurisdiction in bid protests upon the basis of the implied-in-fact

contract theory. See, e.g., S.K.J & Associates, Inc. v. United States, 67 Fed. Cl. 218, 225-26 (2005), and cases cited therein. Accordingly, CENTECH's claim under 28 U.S.C. § 1491(a) should be dismissed for lack of subject matter jurisdiction.

In any event, ManTech Telecommunications & Info. Sys. Corp. v. United States, 49 Fed. Cl. 57, 75 (2001), makes clear that, in a negotiated procurement where an error has been detected, the Government may amend the solicitation, or even cancel it and resolicit, because "the requirement for a fair and equal competition must take priority over preserving every advantage initially enjoyed by a protester in a selection process that ultimately proves defective." Accordingly, even if the Court entertains CENTECH's claim under an implied-in-fact theory, it should deny the claim because CENTECH's bid was considered honestly and fairly. See Heyer Products Co. v. United States, 135 Ct. Cl. 63, 140 F. Supp. 409, 413-14 (1956).

The Court's September 25, 2007 Memorandum Opinion and Order ("Memorandum Opinion") granted in part our motion to dismiss, holding that it "will not undertake a review of GAO's procedural or substantive decisions." Slip op. at 15. For the reasons stated in our motion to dismiss, and discussed in the Memorandum Opinion, id. at 15-16, we urge the Court to dismiss the following allegations in the amended complaint which challenge the GAO's procedural and substantive decisions: Am.Compl. ¶¶ 26, 29, 40, 42-45, 49, 57-58.

**BID PREPARATION AND PROPOSAL COSTS**

While 28 U.S.C. § 1491(b)(2) empowers the Court to award bid preparation and proposal costs, CENTECH has not satisfied the requirements "for reimbursement for bid and proposal preparation costs it had to expend in connection with being forced to compete in the illegal reaward process under RFP Amendment No. 3." Am.Compl. at 2. CENTECH's request should be denied because CENTECH has not specified those costs or shown them to be allocable and

reasonable. See Lion Raisins, Inc. v. United States, 52 Fed. Cl. 629, 630-31 (2002).

In the Memorandum Opinion, slip op. at 12, the Court held that CENTECH has standing to challenge Amendment No. 3 upon the grounds that the Air Force effectively rescinded its prior award to CENTECH and rendered that award a nullity. The Court rejected our contention that CENTECH needed to pursue a claim for contract termination under the Contract Disputes Act, 41 U.S.C. § 605(a), upon the grounds that CENTECH did not seek termination for convenience costs. Id. at 17.

If CENTECH's revised proposal is not found to offer the best value to the Air Force, the Air Force will terminate CENTECH's original award for convenience and compensate CENTECH according to the contract, as the GAO recommended. AR19796. CENTECH's revised proposal will not constitute a "needless expense," see Heyer Products Co. v. United States, 140 F. Supp. at 413-14, because, like the three other bidders, CENTECH incurred those costs because of the Air Force's good faith decision to treat all bidders equally as it corrected a mistake of law. See CW Government Travel, Inc. v. United States, 46 Fed. Cl. 554, 559 (2000).

**ASSUMPTION OF RISK**

We have already explained that the Air Force Material Command issued Policy Memorandum 2004-PK-007 on August 19, 2004, interpreting the Limitation of Subcontracting, FAR Clause 52.219-14 (Dec. 1996). AR16983-90. The amended complaint asserts that the Air Force "deviated from its disclosed requirements in its RFP when it rejected its AF Policy Memorandum, and reconsidered CENTECH's compliance with FAR 52.219-14 in accordance with the standard announced in the SBA Opinion that issued on August 2, 2006." Am.Comp. ¶ 66 (revising Compl. ¶ 96). The Policy Memorandum was not part of the RFP. It was issued on August 19, 2004, by the Air Force Material Command, AR16983-90, and was posted in the

website reading room on August 20, 2004. AR3666. The RFP was issued six months later on February 28, 2005. AR152-317.

CENTECH assumed the risk when it relied upon the Policy Memorandum in its original proposal, AR16992, rather than developing a proposal that conformed strictly to 15 U.S.C. § 644(o) and FAR 52.219-14. Indeed, had any one of the bidders brought to the Air Force's attention the discrepancy between the Policy Memorandum and the relevant statute and regulations, the Air Force would have had an opportunity to clarify this ambiguity prior to the award so that all offerors would bid on the basis of the same specifications. See Conner Brothers Construction Co., Inc. v. United States, 65 Fed. Cl. 657, 676 (2005).

Once the Air Force realized that the Policy Memorandum's interpretation of FAR 52.219-14 was incorrect, it rescinded it, AR19706-07, and, after the GAO sustained TYBRIN's protest and recommended corrective action, it issued an amendment to the RFP to notify all offerors of the changed interpretation, and allow all of them the same opportunity to amend their proposals. As in IMS Services, Inc. v. United States, 33 Fed. Cl. 167, 187-88 (1995), the relief requested should be denied because it was rational and reasonable for the Air Force to rescind the Policy Memorandum and reopen the solicitation after realizing that it had failed to clearly and accurately communicate a requirement to the competitive offerors.

## CONCLUSION

For the reasons stated above and in our motion for judgment on the administrative record, we respectfully request that the Court deny CENTECH's request for declaratory, injunctive and monetary relief, and issue judgment for the United States based on the administrative record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Deborah A. Bynum

DEBORAH A. BYNUM
Assistant Director

/s/ Arlene Pianko Groner

ARLENE PIANKO GRONER
Trial Attorney
National Courts Section
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 307-0162
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

JOHN G. TERRA
Trial Attorney
U. S. Air Force Legal Operations Agency
Commercial Litigation Division
Arlington, Virginia

October 10, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October 2007, "DEFENDANT'S AMENDMENT TO MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Arlene Pianko Groner

ARLENE PIANKO GRONER