**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **THE CENTECH GROUP, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-513C** |
| | ) | **(Judge Coster Williams)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| **TYBRIN CORPORATION,** | ) | |
| | ) | |
| **Intervenor.** | ) | |

**DEFENDANT'S ANSWER TO**
**THE AMENDED COMPLAINT OF PLAINTIFF THE CENTECH GROUP, INC.**

For its answer to the amended complaint, defendant avers, admits, denies, and alleges as follows:

The allegations contained in the first unnumbered paragraph of the amended complaint constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, admits that the Air Force awarded CENTECH a contract on April 28, 2006, pursuant to request for proposals FA9300-04-0040 ("the RFP"), and that the Air Force issued Amendment No. 3 to the RFP on June 29, 2007; otherwise denies.

The allegations contained in the second unnumbered paragraph of the amended complaint constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

1. Admits the allegations contained in paragraph 1 of the amended complaint to the extent supported by the RFP cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2 of the amended complaint to the extent supported by the RFP cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 2.

3. Admits.

4. Admits the allegations contained in the first sentence of paragraph 4. The allegations contained in the second sentence of paragraph 4 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits.

6. Admits the allegations contained in the first sentence of paragraph 6. Denies the allegations contained in the second sentence of paragraph 6.

7. Admits the allegations contained in paragraph 7 that TYBRIN filed six additional protests with the GAO; denies the remainder of the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits the allegations contained in paragraph 8 to the extent supported by the TYBRIN supplemental protest cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. The allegations contained in the first and second sentences of paragraph 9 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the

extent supported by the ARDTEAS RFP cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 10. Admits the allegation contained in the second sentence of paragraph 10 that the Policy Memorandum was made available to offerors in the electronic reading room, otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the Policy Memorandum, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the RFP cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 13. Admits the allegations contained in the second sentence of paragraph 13.

14. Admits.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth; and, by way of further answer, alleges that CENTECH proposed that it would be performing approximately 43% of the work itself and subcontract out the remainder, and that CENTECH's proposal was evaluated on that basis.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Admits the allegations contained in paragraph 18 that "CENTECH never communicated to the Air Force that it 'would not' or 'could not' perform 50% of the costs of personnel necessary to complete the contract using its own employees;" admits the remainder of the allegations contained in paragraph 18 to the extent supported by the RFP cited, which is the best evidence of its contents; otherwise denies.

19. Denies.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits the allegation in first sentence in paragraph 21 that "the Air Force selected CENTECH as its best value offeror and awarded the ARDTEAS contract to CENTECH on April 28, 2006;" denies the remainder of the allegations contained in first sentence of paragraph 21. The allegations contained in the second sentence of paragraph 21 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Admits the allegations contained in paragraph 22 to the extent supported by the supplemental protest cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the supplemental protest cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. The allegations contained in paragraph 26 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in paragraph 26 are similar to the allegations contained in paragraph 25 of the original complaint, which was the subject of the motion to dismiss this Court granted in part in the September 25, 2007 Memorandum Opinion and Order ("Memorandum Opinion") .

27. Admits the allegation contained in the first sentence of paragraph 27 that "the GAO requested input from the Small Business Administration" with respect to FAR 52.219-14, Limitation on Subcontracting; denies the remainder of the allegations contained in the first sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 27 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. Admits the allegations contained in paragraph 28 to the extent supported by the express language of the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 that the GAO communicated to the Air Force that it would sustain the protest unless the Air Force took corrective action; denies the remainder of the allegations contained in paragraph 29. The allegations contained in

paragraph 29 are similar to the allegations contained in paragraph 28 of the original complaint, which was the subject of the motion to dismiss this Court granted in part in the Memorandum Opinion.

30. Admits the allegation contained in paragraph 30 that "the Air Force determined to take corrective action and so notified the GAO on August 4, 2006;" otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the Notice of Corrective Action cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Admits that, on August 4, 2006, the GAO dismissed TYBRIN's protests as academic; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the September 6, 2006 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33. The remainder of the allegations contained in paragraph 33 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Admits the allegations contained in paragraph 34 that on September 8, 2006, the Air Force rescinded CENTECH's contract; the remainder of the allegations contained in paragraph 34 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Admits the allegations contained in the first sentence of paragraph 35 that on September 15, 2006, the Contracting Officer requested a Certificate of Competency from the

SBA; the remainder of the allegations contained in paragraph 35 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 35 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the December 4, 2006 letter from the SBA to the Contracting Officer, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Admits.

38. Admits the allegations contained in paragraph 38 to the extent supported by the TYBRIN's December 29, 2006 supplemental protest, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegation in paragraph 39 that the Air Force did not permit CENTECH to make any changes to its proposal; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the GAO decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40. The allegations contained in paragraph 40 are similar to the allegations contained in paragraph 42 of the original complaint, which was the subject of the motion to dismiss this Court granted in part in the Memorandum Opinion.

41. Admits the allegations contained in paragraph 41 to the extent supported by the

GAO decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. The allegations contained in paragraph 42 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in paragraph 42 are similar to the allegations contained in paragraphs 47 of the original complaint, which was the subject of the motion to dismiss this Court granted in part in the Memorandum Opinion.

43. The allegations contained in paragraph 43 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in paragraph 43 are similar to the allegations contained in paragraph 48 of the original complaint, which was the subject of the motion to dismiss this Court granted in part in the Memorandum Opinion.

44. Admits the allegation contained in paragraph 44 that the Air Force took corrective action in light of the GAO decision; the remainder of the allegations contained in paragraph 44 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

45. Denies the allegations contained in the first sentence of paragraph 45. The allegations contained in the second sentence of paragraph 45 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in paragraph 45 are similar to the allegations contained in paragraph 51 of the original complaint, which was the subject of the motion to dismiss this Court granted in part in the Memorandum Opinion.

46. Admits the allegations contained in paragraph 46 to the extent supported by the Request for Reconsideration cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46.

47. Admits the allegations contained in paragraph 47 to the extent supported by the Request for Reconsideration cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. Admits the allegations contained in the first and second sentences of paragraph 48 to the extent supported by the Request for Reconsideration cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48. The allegations contained in paragraph 48 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute conclusions of law, and plaintiff's characterization of its action, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. Denies.

51. Defendant's responses to paragraphs 1 through 50 are incorporated by reference.

52. The allegations contained in paragraph 52 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in paragraph 52 are similar to the allegations contained in paragraph 59 of the original complaint, which was the subject of the motion to dismiss this Court granted in part in the Memorandum Opinion.

53. The allegations contained in paragraph 53 constitute conclusions of law, to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. Denies.

55. Defendant's responses to paragraphs 1 through 54 are incorporated by reference.

56. The allegations contained in paragraph 56 constitute conclusions of law, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

57. Admits the allegations contained in the first sentence of paragraph 57 to the extent supported by the Air Force's posting of the Policy Memorandum in the website reading room, which is the best evidence of its contents. Admits the allegations contained in the second sentence of paragraph 57. The allegations contained in paragraph 57 are similar to the allegations contained in paragraph 64-65 of the original complaint, which was the subject of the motion to dismiss this Court granted in part in the Memorandum Opinion.

58. The allegations contained in paragraph 58 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. Defendant's responses to paragraphs 1 through 59 are incorporated by reference.

61. Admits the allegations contained in paragraph 61 to the extent supported by the RFP, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 61.

62. Admits the allegations contained in paragraph 62 to the extent supported by the RFP and the Policy Memorandum, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 62.

63. Admits the allegation in paragraph 63 that, in accordance with the Policy Memorandum, the Air Force initially determined that CENTECH's proposal complied with FAR 52.219-14; otherwise denies the allegations contained in paragraph 63.

64. Denies.

65. The allegations contained in paragraph 65 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

66. Admits that once the Air Force realized that the Policy Memorandum was incorrect, it rescinded it, and, after the GAO sustained TYBRIN's protest and recommended corrective action, issued an amendment to the RFP to notify all offerors of the changed interpretation and allow all the offerors the opportunity to amend their proposals; otherwise denies.

67. Denies.

68. Defendant's responses to paragraphs 1 through 67 are incorporated by reference.

69. No such paragraph exists in the amended complaint.

70. No such paragraph exists in the amended complaint.

71. No such paragraph exists in the amended complaint.

72. No such paragraph exists in the amended complaint.

73. The allegations contained in paragraph 73 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74. The allegations contained in paragraph 74 constitute conclusions of law, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

75. Denies.

76. Denies.

77. Denies.

78. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 77, or to any relief whatsoever.

79. Denies each and every allegation not previously admitted or otherwise qualified.

**AFFIRMATIVE DEFENSE**

80. Defendant asserts the affirmative defense of assumption of risk.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the amended complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Deborah A. Bynum

DEBORAH A. BYNUM
Assistant Director

/s/ Arlene Pianko Groner

ARLENE PIANKO GRONER
Trial Attorney
National Courts Section
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 307-0162
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

JOHN G. TERRA
Trial Attorney
U. S. Air Force Legal Operations Agency
Commercial Litigation Division
Arlington, Virginia

October 10, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October 2007, “DEFENDANT'S ANSWER TO THE AMENDED COMPLAINT OF PLAINTIFF THE CENTECH GROUP, INC.” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ Arlene Pianko Groner

ARLENE PIANKO GRONER