**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Washington, D.C.**

**BID PROTEST**

| | | |
|---|---|---|
| CENTECH GROUP, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | CFC No. 07-513C |
| THE UNITED STATES OF AMERICA | ) | Judge Mary Ellen Coster Williams |
| Defendant, | ) | |
| and | ) | |
| TYBRIN CORPORATION | ) | |
| Intervenor-Defendant. | ) | |

**TYBRIN CORPORATION'S OBJECTION TO CENTECH GROUP INC.'S SUBMISSION OF PUBLICATION NO. L57-102**

TYBRIN Corporation ("TYBRIN"), by counsel, objects to CENTECH Group Inc.'s ("CENTECH's") submission of Publication No. L57-102, issued by the Industrial College of the Armed Forces, January 25, 1957 ("publication"). CENTECH tendered this document to the Court at the close of oral argument on December 3, 2007. The Court authorized Defendant and Intervenor to file a response by 5:00 p.m., December 4, 2007.

CENTECH appears to believe the document is significant because it contains the remarks of Senator Leverett Saltonstall. However, it is unclear what weight CENTECH expects the Court to attach to this document. In fact, CENTECH argues that the fifty-year old publication is noteworthy only for the following unremarkable conclusions: (a) small business contracting is an important government procurement consideration and (b) a SBA Certificate of Competency

("COC") is binding on the agency contracting officer as to the competency of a small business. Moreover, the publication does not address the 50% rule at issue here. In fact, that rule was not enacted by statute until 1986, thirty-one years after the date of the publication. Small Business Act, Pub. L. No. 99-500, § 921(c), 100 Stat. 1783, 147-49 (1986) (codified at 15 U.S.C. § 644(o)). In any event, the statute is clear and unambiguous. It requires no interpretation. See Exxon Mobil Corp. v. Allapath Servs., Inc., 545 U.S. 546, 568-69 (2005) ("As we have repeatedly held, the authoritative statement is the statutory text, not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms").

Hence, it would improper for the Court to consider the publication in relation to the statute's meaning. A document issued thirty-one years before enactment of Section 644(o) is certainly not part of the legislative history, and would be entitled to no weight or consideration even if the statute were ambiguous. See Norman J. Singer, Sutherland Statutory Construction, Vol. 2A at §§ 48:01-48:20 (6th ed., 2000) (legislative history only includes statements before Congress; even statements by individual members other than sponsors on the floor of Congress are accorded little significance).

Finally, and most significantly, the publication is consistent with TYBRIN's position as confirmed in Court and GAO decisions regarding the role of SBA and the COC process. The publication (at 13-14) makes clear that SBA's role in issuing COCs is limited to an offeror's competence. As the Court noted during the December 3, 2007 hearing, competence relates only to the offeror's capability. Neither the publication nor the COC process addresses the separate and distinct matter of proposal acceptability (i.e., what the offeror's proposal states). Publication,

at 13-14. That is precisely what TYBRIN has urged throughout: the COC process has nothing to do with ***proposal acceptability***; it only relates (as the publication states) to the offeror's competency. See Transatlantic Lines LLC v. United States, 68 Fed. Cl. 48, 53 (2005). See also TYBRIN October 1, 2007 Motion for Judgment on the Administrative Record at 20; TYBRIN November 7, 2007 Reply at 24.

In summary, Publication L57-102 has no bearing on the meaning of the statute, which is unambiguous. Nor is the publication part of the statute's legislative history. The publication predates the statute by thirty-one years. To the extent the publication is at all relevant to the issues before the Court, it confirms and strengthens TYBRIN's position.

Respectfully submitted,

TYBRIN Corporation

By: /s/ John S. Pachter
John S. Pachter, Counsel of Record
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
Tel: (703) 847-6300
Fax: (703) 847-6312
*Counsel for TYBRIN Corporation*

*Of Counsel*:
Jonathan D. Shaffer
Mary Pat Gregory
SMITH PACHTER MCWHORTER PLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of December 2007, "TYBRIN CORPORATION'S OBJECTION TO CENTECH GROUP INC.'S SUBMISSION OF PUBLICATION NO. L57-102" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Mary Pat Gregory
Mary Pat Gregory